IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
_____

MICHAEL E. LUNNON,

        Plaintiff,

v.                                                            No. MC 11-15 BB

THE UNITED STATES THE INTERNAL
REVENUE SERVICE, ANTONIO BACA,
Revenue Agent,

        Defendants.


## MEMORANDUM OPINION

THIS MATTER is before the Court on the motion of Defendant Internal Revenue Service ("IRS") (doc. 5). The Court having reviewed the pleading and Plaintiff having failed to respond, the Court finds the motion is well supported and the Motion to Quash will be dismissed for lack of jurisdiction, and Plaintiff is Ordered to respond.

### *Statement of Facts*

Antonio Baca, a duly commissioned IRS Agent in Albuquerque, New Mexico, is investigating Petitioner Lunnon for tax liability for tax years 2006 through 2009. On January 7, 2011, as part of the investigation, Revenue Officer Baca served an IRS summons via certified mail upon Western Union Financial Services, Inc., Attn: Custodian of Records, 20 Corporate Hills Drive, St. Charles, Missouri 63301. The summons had an appearance date of January 29, 2011. Revenue Officer Baca signed

the summons.  The summons appears to comply with the time and place of appearance requirements of 26 U.S.C. § 7609.

Lunnon filed the Petition to Quash the summons on January 27, 2011. Prior to the January 29th response date, Lunnon served the Petition upon the IRS on or about January 31, 2011, but has failed to serve the Office of the U.S. Attorney in accordance with Rule 4i of the Federal Rules of Civil Procedure.

### *Discussion*

Under the local rules, D.N.M.LR-Civ. 7.1(b), Plaintiff's failure to respond to Defendant's memorandum "constitutes consent that briefing on the motion is complete."  The Court has thus accepted Defendant's statements *en toto*, and is persuaded that this Court lacks jurisdiction.

"All citizens of the United States are liable for income taxes ...." *Cox v. Comm'r of Internal Revenue*, 99 F.3d 1149 (10th Cir. 1996) (Table).  The IRS, as the delegate of the Secretary of the Treasury therefore has the authority to inquire into the payment of taxes.  26 U.S.C. § 7601(a); *Reisman v. Caplin*, 375 U.S. 440, 445 (1964).  The Secretary of the Treasury is further authorized to issue summonses to compel persons in possession of such books, papers, records or other data to produce them for examination.  26 U.S.C. § 7602(a)(2).  As an employee of the IRS, Mr. Baca issued Plaintiff such a summons requiring a response to a Custodian of Records in Missouri.  Lunnon filed a petition in this Court to quash the summons.

**The party seeking to quash the summons has the burden of establishing that the Court has subject matter jurisdiction.** *Ass'n of Am. Med. Colleges v. United States*, 217 F.3d 770, 778-79 (9th Cir. 2000). **Here, the custodian of records for Western Union Financial Services, Inc., the person to whom the summons is issued, is located in St. Charles, Missouri. Thus, the United States District Court for the Eastern District of Missouri, and not the District of New Mexico, would have jurisdiction over any action seeking to quash the summons at issue.** *See Hopkins v. I.R.S.*, 318 Fed. Appx. 703 (10th Cir. 2009).

**Pursuant to 26 U.S.C. § 7609(h)(1), jurisdiction to hear a petition to quash a summons lies with "[t]he United States district court for the district within which the person to be summoned resides or is found ...." This provision is jurisdictional and a petition to quash filed in the wrong court must be dismissed.** *Fortney v. United States*, 59 F.3d 117, 119 (9th Cir. 1995). **Petitioner Lunnon has thus brought this proceeding in the wrong jurisdiction.**

**Since Petitioner failed to meet his burden of showing that Western Union Financial Services, Inc., resides or can be found in the District of New Mexico, the Court must dismiss the Petition for lack of subject matter jurisdiction.**

_____
**BRUCE D. BLACK**
**Chief Judge**